UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JENNIFER CARNEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:17-cv-00359 |
| ACE CASH EXPRESS, INC., | |
| | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JENNIFER CARNEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ACE CASH EXPRESS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing at 2924 Primrose Drive, Unit B, Waco, Texas, which falls within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant owns and operates check cashing stores. Defendant offers money order sales, wire transfer services, bill payment services, and small consumer loans to consumers across the United States. Defendant is organized under the laws of the state of Texas with its registered agent located at 1999 Bryan Street, Suite 900, Dallas, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In early 2017, Plaintiff began receiving calls to her cellular phone, (254) XXX-9291, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9291. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has mainly used the phone number (888) 753-3100 when placing calls to Plaintiff's cellular phone, but upon belief, it has other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 3100 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone, so Plaintiff was confused as to why Defendant was contacting her.

15. Upon speaking with Defendant, Plaintiff was informed that it was attempting to collect upon a debt owed by an individual named "Alexandra."

16. Plaintiff is not familiar with any individual by that name and has informed Defendant as such, and has also demanded that Defendant stop contacting her.

17. Plaintiff even returned Defendant's calls to further reiterate that it was calling the wrong party and to stop contacting her.

18. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff still received incessant phone calls from Defendant up through the fall of 2017.

19. Plaintiff has received not less than 24 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $57.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls. However, the communications have continued.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 24 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not have any relationship with Defendant, as evidenced by the fact that Defendant was seeking to collect upon an unknown individual. Thus, Defendant was never granted consent to contact Plaintiff in the first place. In any event, any

hypothetical consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

28. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JENNIFER CARNEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

32. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

33. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

34. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

35. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 24 times after Plaintiff notified it to stop calling and after having notice that Plaintiff was not the purported debtor. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. Further, the nature and volume of phone calls would naturally cause an individual to feel oppressed.

36. Upon being informed that it was contacting the wrong person, Defendant had ample reasons to be aware that it should not continue its harassing conduct. Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, JENNIFER CARNEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: December 27, 2017 | Respectfully submitted, |
| s/ Nathan C. Volheim (Lead Attorney)<br>Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Western District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | s/Taxiarchis Hatzidimitriadis<br>Taxiarchis Hatzidimitriadis, Esq. #6319225<br>Counsel for Plaintiff<br>Admitted in the Western District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |